UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES E. PASIONEK,

        Plaintiff/Counter-Defendant,        Case No. 1:21-cv-12651

v.        Honorable Thomas L. Ludington
        United States District Judge

ROBERT A. PASIONEK,

        Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR RIGHT OF FIRST REFUSAL**

Thirty-eight years ago, brothers James and Robert Pasionek formed Pasionek Partnership to purchase hunting property in Alcona County, Michigan (the "Property"). The Partnership Agreement imposed duties on both brothers to maintain capital accounts and a Partnership accounting. But none of these accounts were kept. The reason for the Parties' apparent mutual breach of the Partnership Agreement? "Laziness." ECF No. 77 at PageID.2675.

By 2021, both Parties claimed to be the most significant capital contributors. Yet neither had financial statements nor all the source documents to corroborate their claim. So they marched to this Court for a solution. But the accounting remained unclear after discovery. So this Court appointed an expert accountant, Eric Larson. After Mr. Larson sifted through the Parties' decades-old documents and this Court made its best efforts to resolve the remaining legal and factual questions, Mr. Larson issued an expert report detailing the Parties' respective capital contributions and interests in the Partnership.

On November 12, 2024, this Court issued an opinion and order that (1) finalized the Partners' respective interests in the Partnership, and (2) based on the Parties representations that

they would sell the Property, directed the Partners to wind up the Partnership and finalize the terms of the sale. Although the Partners—through Counsel—sought out a reputable real estate sales firm, initially, the Parties had not agreed to the firm's assistance. On May 16, 2025, James moved for a right of first refusal to purchase the Property when the Partners sell it. But as explained below, James's Motion will be denied.

I.

In September 1986, brothers James and Robert Pasionek formed a Partnership to purchase hunting property in Alcona County (the "Property"). ECF No. 1-1 at PageID.7. Robert, a licensed attorney, drafted the Partnership Agreement. *See* ECF No. 77 at PageID.2637. Relevant here, the Agreement features a recital that states that "[i]t is the intent of the Partners to keep said Property in its entirety in the Pasionek name" and "[t]his contemplated purchase is not for profit motivated nor will future acts of the Partnership be profit motivated." ECF No. 89-2 at PageID.2811. But the brothers' relationship deteriorated. And in 2021, James Pasionek sued his brother, Robert Pasionek, after Robert allegedly attempted to sell the Property without James's permission. ECF No. 1-1.

Indeed, James filed a seven-count breach-of-fiduciary-duty action in Alcona County Circuit Court, which Robert removed to this Court in November 2021. *See id.* Robert then filed four counterclaims, alleging, among other things, that James breached the Partnership Agreement by failing to make the required contributions to the Partnership. *See* ECF No. 17.

Much of the brothers' dispute focused on the value of their respective Partnership interest, but "[t]he answer to this factual [question]" was "buried under [three decades] of incomplete or disputed accounting." ECF No. 67 at PageID.2589. As a result, on October 6, 2023, this Court appointed an expert certified public accountant, Eric Larson, to help resolve this disputed

Partnership accounting. *Id.* at PageID.2591–92; *see also* FED. R. CIV. P. 706. At a March 26, 2024, Status Conference, "the Parties, Larson, and this Court agreed on six [unresolved] legal or factual issues that will directly impact the accounting." ECF No. 71 at PageID.2597. At a later Status Conference, the Parties, Larson, and this Court agreed to a virtual evidentiary hearing to resolve these issues without expending exorbitant resources on travel. *See* ECF No. 76 at PageID.2629.

So, confronting the precarious record, this Court held a virtual hearing on July 10, 2024, to address these issues. ECF No. 77. The undersigned conducted the hearing in the courtroom in Bay City, Michigan, with a stenographer present. James and his Counsel were in northeast Michigan, Robert in Phoenix, Arizona, and Robert's Counsel in Grand Rapids, Michigan. Both brothers were examined by their Counsel, Opposing Counsel, and Mr. Larson. *See generally id.*

After considering the Parties' testimony and all exhibits, this Court issued an opinion addressing Mr. Larson's questions. ECF No. 78. Based on that Opinion, Mr. Larson produced a capital accounting for the Partnership. ECF No. 78-1. In the end, it concluded that James contributed $80,788 and Robert contributed $42,945 to the Partnership. *Id.* at PageID.2731. Thus, James contributed 65.3% of the Partnership's Capital, while Robert contributed 34.7%. *Id.* On September 3, 2024, Robert sought reconsideration. ECF No. 79. This Court denied Robert's motion for reconsideration on November 12, 2024. ECF No. 83. In so doing, this Court observed that the Partners agreed to sell the Property and directed the Parties to prepare to "wind up the Partnership according to the terms of the Partnership Agreement" and establish the terms for the sale of the Property. ECF No. 83 at PageID.2791.

Following that directive, the Parties attended several settlement and status conferences to negotiate the terms of the Property sale and wind up the Partnership. *See* ECF Nos. 84; 85; 86; 87;

88. Considering these negotiations, on May 16, 2025, James filed a motion seeking a right of first refusal to purchase the Property when the Partners sell it. ECF No. 89.

## II.

A right of first refusal "is a conditional option to purchase" specific property when a landowner "desire[s] to sell" that property. *Randolph v. Reisig*, 727 N.W.2d 388, 391 (Mich. Ct. App. 2006). In essence, a right of first refusal allows the holder of the right to match any bona fide offer that the seller receives for a specific period of time. *See id.* at 390–93. And a right of first refusal is a creature of contract law—absent a statute granting one, a right of first refusal only exists if the parties' contract confers it, and the right provides a contractual right, not a property interest. *See id.*; *see also In re Smith Tr.*, 745 N.W.2d 754, 757 (Mich. 2008). In other words, to determine whether a party holds a right of first refusal, a court must interpret the parties' contract and assess whether its terms confer such a right.

Under Michigan law, the first step in contractual interpretation is the text. *Smith v. Smith*, 823 N.W.2d 114, 116 (Mich. Ct. App. 2011) (citing *Duval v. Aetna Cas. & Surety Co.*, 8 N.W.2d 112 (Mich. 1943)). And courts must interpret contractual text "according to its plain and ordinary meaning." *Ajax Paving Indus., Inc. v. Vanopdenbosch Const. Co.*, 797 N.W.2d 704, 707 (Mich. Ct. App. 2010). So when terms are unambiguous, courts must enforce them as written. *Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 30 (Mich. 2005); *see also Little v. Kin*, 664 N.W.2d 749, 750 (Mich. 2003). Courts generally may not rewrite or reform contracts—even when "reasonable"—because doing so "undermines the parties' freedom of contract." *Id.* As a result, reformation of a contract is only permissible when a party demonstrates "by clear and convincing evidence" that, at the time the parties entered the contract, "a mutual mistake [of fact] or a unilateral mistake

coupled with fraud" was present. *Theophelis v. Lansing Gen. Hosp.*, 424 N.W.2d 478, 487 (Mich. 1988).

Here, the Partners do not possess a right of first refusal for the Property. Nothing in the Partnership Agreement mentions a conditional option for a Partner to purchase the Property if the Partners choose to sell it. *See generally* ECF No. 89-2. That is, the Partnership Agreement unambiguously does not confer a right of first refusal to the Partners. James does not identify a statute otherwise granting the Partners a right of first refusal. *See generally* ECF No. 89. Nor could this Court.

To support his right-of-first-refusal argument, James relies on a recital in the Partnership Agreement that states: "[i]t is the intent of the Partners to keep said Property in its entirety in the Pasionek name[.]" ECF No. 89 at PageID.2804–05 (referring to ECF No. 89-2 at PageID.2811). But James's reliance is misplaced. True, recitals may shed light on specific, operative provisions in a contract. *See Thomson Elec. Welding Co. v. Peerless Wire Fence Co.*, 157 N.W. 67, 69 (Mich. 1916); *see also Redding v. Blodgett*, No. 349573, 2021 WL 1236110, at *5 (Mich. Ct. App. Apr. 1, 2021). But general recitals and precatory language that express the general intent of the parties—like the language James invokes here—do not, by themselves, create contractual rights and obligations. *See Clark v. BP Oil Co.*, 137 F.3d 386, 391 (6th Cir. 1998); *accord Thomson Elec. Welding Co.*, 157 N.W. at 69. And the Partnership Agreements' operative terms addressing the disposal of Partnership property do so without referencing rights that could be used to infer a right of first refusal when coupled with the general recitals.[1] *See* ECF 89-2 at PageID.2819.

---

[1] To the extent James is arguing that the recital conveying that profits are not influencing the Partnership creates a right of first refusal because the Partners would obtain profits from the ultimate sale of the Property, the same analysis applies. It is a general recital that the "future acts of the Partnership" will not "be profit motivated." *See* ECF No. 89-2 at PageID.2811. The Partnership Agreements' more specific provisions contemplate and authorize Partnership profits,

Because no provision in the Partnership Agreement or statute grants the Partners a right of first refusal, James's request for this right, at its core, seeks to judicially reform the Partnership Agreement to better effectuate the Partners' intent. But James does not argue that there was a mutual mistake concerning a right of first refusal at the time the Partners entered the Partnership Agreement. *See generally* ECF No. 89. Nor does James argue that he was unilaterally mistaken on the subject based on some act of fraud at the time he entered the Partnership Agreement. *See generally id.* So no basis for reformation exists. *See Theophelis*, 424 N.W.2d at 487.

In sum, the Partners do not possess a right of first refusal to purchase the Property. Neither the Partnership Agreement nor an applicable statute confers such a right. And James has not satisfied the conditions for reforming a contract. Thus, James' Motion for a Right of First Refusal, ECF No. 89, will be denied.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for a Right of First Refusal, ECF No. 89, is **DENIED.**

**This is not a final order and does not close the above-captioned case.**

Dated: June 16, 2025                                             s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge

---

even if the acts producing the profits were not motivated by profit. *See, e.g.*, *id.* at PageID.2814–15. And none of these specific provisions could reasonably be construed to grant a right of first refusal for the sale of the Property when that sale would produce Partnership profits. *See generally id.*